**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARRELL COSTON, a resident of
Wake County,
<u>Plaintiff-Appellant,</u>

No. 99-1423

v.

SEARS ROEBUCK AND COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-98-171-5-F)

Submitted: July 30, 1999

Decided: September 22, 1999

Before ERVIN,* WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Darrell Coston, Appellant Pro Se. John Doughty Cole, Sr., HAYNS-
WORTH, BALDWIN, JOHNSON & GREAVES, Charlotte, North
Carolina, for Appellee.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In this action, Darrell Coston claimed that his former employer, Sears, Roebuck & Co. (Sears), discharged him because of his race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (1994). The district court granted Sears' motion for summary judgment. Coston timely appeals. We affirm.

Coston worked as a sales associate in the lawn and garden department of a Sears store in Raleigh, North Carolina, from January 1995 until his discharge for poor job performance in June of that year. His employment record is replete with uncontroverted evidence of Coston's failings as an employee. He was repeatedly counseled for failing to follow his work schedule, made errors on his cash register, was reprimanded for selling floor models and giving discounts on merchandise without authorization from management, and was the subject of at least one written customer complaint.

In this case there was no direct evidence of race discrimination. Therefore, Coston had to rely on the indirect, burden-shifting method of proof established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, the plaintiff has the initial burden of establishing a prima facie case of discrimination. See id. at 802. Establishing a prima facie case gives rise to an inference of discrimination, and the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for its action. See id. at 802-804. The defendant's burden is one of production, not persuasion. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274-75 (4th Cir. 1995). If the defendant provides evidence of a nondiscriminatory reason for its action, the plaintiff must show by a preponderance of the evidence that the proffered reason was a pretext for discrimination. See id. at 275.

In this case, Coston did not establish a prima facie case of discrimination. He was utterly unable to demonstrate that, at the time of his

2

discharge, he was performing his job in a satisfactory manner. <u>See Hughes v. Bedsole</u>, 48 F.3d 1376, 1383 (4th Cir. 1995). Even if he had established a prima facie case of discrimination, Sears came forward with evidence showing a legitimate, nondiscriminatory reason (poor job performance) for his discharge, and there is nothing in the record to suggest that the reason is pretextual. In particular, Coston did not demonstrate that race discrimination was the real reason for the adverse employment action. <u>See Gillins v. Berkeley Elec. Coop., Inc.</u>, 148 F.3d 413, 417 (4th Cir. 1998).

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3